# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAFECO INSURANCE COMPANY ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2489-CM |
| MARTIN O'NEAL, et al. ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiff Safeco Insurance Company of America ("plaintiff") brought this interpleader action pursuant to 28 U.S.C. § 1335 to apportion, among defendants, personal injury policy ("PIP") benefits and medical payment benefits owed as a result of a multi-fatality automobile accident. Pursuant to hearings on and approval of the parties' settlement agreement, the court issued two orders on December 22, 2009, and January 20, 2010, releasing all remaining funds in this interpleader action.[1] This matter should have been closed upon disbursement of the remaining funds. *See Transamerica Premier Ins. Co. v. Growney*, No. 94-2057-GTV, 1994 WL 409569 (D. Kan. August 1, 1994) (dismissing case upon disbursement of interpleaded funds in the court's registry). On March 25, 2010, the parties were directed to show cause, in writing, on or before April 9, 2010, why the case should not be closed, and were directed to file a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1) by that date. Plaintiff responded to this order, stating that, although plaintiff also believed the matter would be concluded, plaintiff had learned that two healthcare providers claim they have not been paid for services provided to minor Noah Stoddard, to

---

[1] The court directed the parties, upon receipt of funds, to each file a notice of satisfaction with the court. No such notices have been filed.

whom the court apportioned $35,000 of the benefit at issue pursuant to the parties' agreement. Plaintiff suggests that the court should order a conservatorship and direct plaintiff's natural mother, also a defendant in this action, to deposit the settlement proceeds into the conservatorship. (Doc. 54.) Plaintiff has filed a motion in support of this request (Doc. 55.)

None of the defendants in this action, including defendant Noah Stoddard, have responded either to this court's order to show cause, or to plaintiff's motion. The court finds no reason to wait for a response. This action, in the nature of an interpleader action brought pursuant to 28 U.S.C. § 1335, should have been closed upon final disbursement of the interpleaded funds. The instant motion is outside the scope of such an action, particularly after all funds at issue have been disbursed. Plaintiff offers no citation to authority that would suggest that such a motion is properly brought by plaintiff, at this time, in this action. Cause has not been shown, the motion is denied, and this action is dismissed.

**IT IS SO ORDERED**.

Dated this 20th day of April 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**